RENE L. VALLADARES
Federal Public Defender
Nevada State Bar No. 11479
HEIDI OJEDA
Assistant Federal Public Defender
411 E. Bonneville, Ste. 250
Las Vegas, Nevada 89101
(702) 388-6577/Phone
(702) 388-6261/Fax
Heidi_Ojeda@fd.org

Attorney for Johnathan Lee Gisseman

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOHNATHAN LEE GISSEMAN,<br><br>　　　　Defendant. | Case No. 2:25-mj-00854-DJA<br><br>**ORDER RE:**<br><br>**Unopposed Motion to Correct the Record and to Waive Preliminary Hearing** |

　　　Defendant, Johnathan Lee Gisseman, through undersigned counsel, Heidi Ojeda, Assistant Federal Public Defender, files this Unopposed Motion to Correct the Record and to Waive Preliminary Hearing.

　　　DATED this 16th day of December, 2025.

　　　　　　　　　　　　　　　　　RENE L. VALLADARES
　　　　　　　　　　　　　　　　　Federal Public Defender

　　　　　　　　　　　　　　By:　　*/s/ Heidi A. Ojeda*
　　　　　　　　　　　　　　　　　Heidi Ojeda
　　　　　　　　　　　　　　　　　Assistant Federal Public Defender
　　　　　　　　　　　　　　　　　Attorney for Johnathan Lee Gisseman

**MEMORANDUM OF POINTS AND AUTHORITIES**

On December 11, 2025, Mr. Gisseman appeared in this District on a petition alleging violations of supervised release that was filed in the United States District Court of Utah. ECF No. 2. At that time, the parties believed that Mr. Gisseman was entitled to a preliminary hearing on the petition in the District of Utah. Accordingly, the Court found that Mr. Gisseman retained his right to have his preliminary hearing in the District of Utah and proceeded only with the detention hearing in this District.

Following the hearing, the parties conferred and determined that they had been mistaken in advising the Court that the preliminary hearing must be conducted in the District of Utah.

Rule 32.1(a)(5) of the Federal Rules of Criminal Procedure provides that:
[i]f the person is arrested or appears in a district that does not have jurisdiction to conduct a revocation hearing, the magistrate judge must:

(A) if the alleged violation occurred in the district of arrest, conduct a preliminary hearing under Rule 32.1(b) and either:

    (i) transfer the person to the district that has jurisdiction, if the judge finds probable cause to believe that a violation occurred; or

    (ii) dismiss the proceedings and so notify the court that has jurisdiction, if the judge finds no probable cause to believe that a violation occurred;….

In addition, Rule 32.1(b)(1) makes clear that a person may waive the preliminary hearing.

Here, Mr. Gisseman was arrested and appeared in this District. Although this Court does not have jurisdiction over the revocation proceedings because the petition was filed in the District of Utah, the alleged violations occurred in this District. As a result, Mr. Gisseman is entitled to a preliminary hearing in this District.

Undersigned counsel has advised Mr. Gisseman of these rights, and Mr. Gissemen knowingly and voluntarily wishes to waive his right to a preliminary hearing.

For these reasons, the parties respectfully request that the Court correct the record to reflect that Mr. Gisseman is entitled to a preliminary hearing in this District but has elected to waive that hearing.

Respectfully submitted,
RENE L. VALLADARES
Federal Public Defender

By: */s/ Heidi A. Ojeda*
HEIDI OJEDA
Assistant Federal Public Defender
Attorney for Johnathan Lee Gisseman

**IT IS SO ORDERED**.

DATED: 12/18/2025

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

3